UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMIE CHATMAN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 16-cv-00833 |
| v. | ) | |
| | ) | |
| STELLAR RECOVERY, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Tammie Chatman, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 452/2 (ICAA), and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### PARTIES

3. Plaintiff, Tammie Chatman ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Comcast consumer account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

4. Defendant Stellar Recovery, Inc., ("Stellar") is a Florida corporation that does or transacts business in Illinois. Its registered agent and office is Business Filings Incorporated, 118 W Edwards Street, Suite 200, Springfield, Illinois 62704. (Exhibit A, Record from Illinois Secretary of State).

5. Stellar is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant Stellar holds a collection agency license from the state of Illinois and is a Licensed Collection Agency, as that term is defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq., and attempts to collect debts originally owed to others. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

7. Defendant Stellar is a "debt collector" as defined in in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

8. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Comcast consumer account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

9. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

10. The alleged debt was subsequently assigned, or otherwise transferred to Stellar for collection.

11. Stellar attempted to collect the alleged debt from Plaintiff.

12. On or about December 30, 2015, Stellar mailed Plaintiff a collection letter ("Letter"). (Exhibit C, Collection Letter).

13. The Letter conveyed information regarding the alleged debt, including the identity of the current creditor, an original account number and a total due on the alleged debt.

14. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

15. The Letter states in part:

> **If you choose to pay this amount due by credit/debit card or by check over the telephone, you may be charged a convenience and processing fee.**

16. The Illinois Collection Agency Act, 225 ILCS 425/9(a)(29), makes unlawful "[c]ollecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. . . ."

17. On information and belief, there is no agreement authorizing a convenience and processing fee for paying by credit or debit card or by check.

18. The fee therefore may not be charged under Illinois law.

19. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

20. Stellar used false and deceptive means to attempt to collect the alleged debt by threatening to collect additional fees over and above the amount of the alleged debt, in violation of 15 U.S.C. §§ 1692e(2)(A), and 1692e(10).

21. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

22. Stellar threatened to charge Plaintiff a fee to which it had no statutory nor contractual right, in violation of 15 U.S.C. §§ 1692f(1).

23. 225 ILCS 425/9(a)(33) of the Illinois Collection Agency Act provides as follows:

> **Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. . . .**

24. Stellar attempted to collect a convenience fee which was not authorized by the agreement creating the debt, in violation of 225 ILCS 425/9(a)(33) of the Illinois Collection Agency Act.

25. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

26. In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

27. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

29. Stellar used false and deceptive means to attempt to collect an alleged debt by threatening to collect additional fees to which it had no right, in violation of 15 U.S.C. §§ 1692e(2)(A), and 1692e(10).

30. Stellar threatened to charge Plaintiff a fee to which it had no statutory nor contractual right, in violation of 15 U.S.C. §§ 1692f(1).

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C. Such other or further relief as the Court deems proper.

## COUNT II—ILLINOIS COLLECTION AGENCY ACT

31. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

32. Stellar attempted to collect a convenience fee which was not authorized by the agreement creating the debt, in violation of 225 ILCS 425/9(a)(33) of the Illinois Collection Agency Act.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Compensatory and punitive damages;

    B.    Costs; and,

    C.    Such other and further relief as is appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com