**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TAMMIE CHATMAN,**<br><br>     Plaintiff,<br><br>  v.<br><br>**STELLAR RECOVERY, INC.,**<br><br>     Defendant. | Case No. 16 C 833<br><br>Judge Harry D. Leinenweber |

# ORDER

Before the Court is Plaintiff Tammie Chatman's Motion for Attorneys' Fees and Costs [ECF No. 21]. For the reasons stated herein, the Motion is granted in part. Attorneys' fees are awarded to Plaintiff in the amount of $6,478.42 and costs in the amount of $465.00.

# STATEMENT

Plaintiff Tammie Chatman ("Plaintiff") sued Defendant Stellar Recovery, Inc. ("Stellar"), an Illinois collection agency, for violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Illinois Collection Agency Act, 225 ILCS 425/9(a)(33). As the assignee of debt Plaintiff owed on a Comcast account, Stellar allegedly issued a letter to Plaintiff requesting payment but claiming that certain payment methods would require a convenience and processing fee. Plaintiff sued on the theory that Stellar had no contractual or statutory right to this fee, and thus had used false and deceptive representations in an attempt to collect the debt. After filing an Amended Answer to Plaintiff's Complaint, Stellar tendered an offer of judgment in the amount of $1,001.00

plus reasonable attorneys' fees and costs to be determined by the Court. Plaintiff accepted and now seeks attorneys' fees in the amount of $12,015.60 and costs in the amount of $465.00.

Plaintiff's Motion for fees is supported by itemized billing records plus evidence supporting the hourly rates claimed – $352.00 for attorney Michael Wood and $315.00 for another attorney named, as coincidence would have it, Celetha Chatman. The Court first notes that both hourly rates fall well above the 50th percentile for Midwest consumer law attorneys, meaning that these fees are not necessarily consistent with what those of "reasonably comparable skill, experience, and reputation" charge. *People Who Care v. Rockford Bd. of Educ., School Dist. No. 205,* 90 F.3d 1307, 1310 (7th Cir. 1996) (quoting *Blum v. Stenson,* 465 U.S. 886, 892, 895 n.11 (1984)). Under *Hensley v. Eckerhart,* the Court is to base the fee lodestar on, *inter alia,* the time and labor required, the difficulty of the legal questions, the experience of the attorneys, and awards in similar cases. *Hensley v. Eckerhart,* 461 U.S. 424, 430 n.3 (1983).

With respect to Mr. Wood, the Court is not willing to find that an hourly rate of $352.00 is reasonable for all work performed. In one of the cases submitted to support the reasonableness of the claimed fees, *Holloway v. Portfolio Recovery Asscs., LLC,* No. 15 C 11568, Dkt. 31 (N.D. Ill. Jun. 7, 2016), Judge Rebecca R. Pallmeyer reduced Mr. Wood's hourly rate to $327.00 for all FDCPA work he performed on that case – through February 18, 2016. Yet Plaintiff's counsel submitted a bill charging $352.00 for work he performed in this comparable case during that same time frame. Thus, counsel's own evidence does not support awarding fees based on a $352.00 hourly rate for work Mr. Wood performed prior to February 18, 2016. The

Court awards attorneys' fees for such work in the amount of $2,419.80 (7.4 hours @ $327.00). For the remainder of Mr. Wood's work, which was all performed after the time frame at issue in *Holloway,* the Court awards attorneys' fees at his requested rate of $352.00. That amounts to $1,724.80 (4.9 hours @ $352.00).

Similarly for Ms. Chatman, the evidence does not support a finding that her asserted $315.00 fee is reasonable for all work performed in this case. In *Holloway,* Ms. Chatman billed work she performed from October 15, 2015 through March 28, 2016 at an hourly rate of $295.00 (she was admitted to the Illinois bar on November 5, 2015). Judge Pallmeyer found that rate reasonable. It is a mystery how Plaintiff's counsel could in good faith bill $315.00 per hour for work Ms. Chatman performed in this comparable case during that same time. By contrast, Ms. Chatman charged an hourly rate of $315.00 in *Ackles v. Contract Callers, Inc.,* No. 16 C 2101 (N.D. Ill.), for work performed in April and May of 2016. In that case, Judge John W. Darrah awarded $4,632.60 in attorneys' fees. However, Ms. Chatman's affidavit indicates that Judge Darrah only approved her hourly rate of $295.00 in that case. (ECF No. 21 ("Pl.'s Mot."), Ex. C ¶ 10.) While this evidence supports the inference that Ms. Chatman's hourly rate for FDCPA work had indeed increased to $315.00 by April 2016, it still does not support finding that rate reasonable for work performed then.

Therefore, the Court finds no justification for awarding attorneys' fees based on Ms. Chatman's claimed hourly rate of $315.00 for work performed during and prior to May 2016. For such work, only a $295.00 hourly rate is reasonable, and so the Court awards $3,864.50 (13.1 hours @ $295.00) in attorneys' fees. For the remainder of Ms. Chatman's work, all performed

after the time frames at issue in *Holloway* and *Ackles,* the Court awards attorneys' fees at the requested rate of $315.00. This is in part because Stellar does not contest the asserted fee and in part because a $20 hourly rate hike approximately six months after a young attorney is admitted to the bar strikes the Court as reasonable. This amounts to $3,559.50 (11.3 hours @ $315.00). Thus, the provisional lodestar in this case is $11,568.60 ($2,419.80 + $1,724.80 + $3,864.50 + $3,559.50).

In response to an argument raised by Plaintiff's counsel, the Court notes that the fact that both attorneys' asserted billing rates were approved in another FDCPA case, *Serrano v. Alliant Capital Mgmt., LLC et al.,* No. 16 C 8602, Dkt. 14 (N.D. Ill. Oct. 27, 2016), does not change the outcome. Judge John Z. Lee in that case did not issue a statement explaining the fee award, which was imposed after a default judgment, and in any event all the legal work there occurred *after* September 1, 2016. Therefore, *Serrano* does not conflict with this Court's ruling entitling Plaintiff's counsel to their asserted fees for work performed after the periods at issue in *Holloway* and *Ackles*.

The final issue remaining is whether this newly calculated lodestar of $11,568.60 in fees should be offset. First, Stellar argues that many time entries were excessive in light of the straightforward nature of the case and the similar form pleadings Plaintiff's counsel uses across all their FDCPA cases. Second, Stellar contends that some of the work performed by Mr. Wood and Ms. Chatman was administrative or secretarial in nature. There is precedent in this Court for an offset based on such billing practices. *See, e.g., Vaughn v. Account Recovery Service, Inc.,* No. 14 C 8179, Dkt. 24 (N.D. Ill. Apr. 24, 2015). In *Vaughn,* the plaintiff's counsel (Community Law Group and, in particular, Mr. Wood) "billed for calendaring hearings, drafting

a civil cover sheet, sending materials for service, and preparing exhibits." *Id.* at 1. This Court reduced the proposed lodestar by 30 percent as a result. It appears that Plaintiff's counsel has hewed to the same practices in this case. Further, in *Vaughn,* this Court reduced the newly calculated lodestar by 20 percent because that case "did not present particularly complex issues and proceeded quickly to settlement." *Id.* at 2. The Court considers such an approach adequate to salve Stellar's overbilling concerns.

Consonant with *Vaughn,* the Court will reduce the newly calculated lodestar by 30 percent based on billing for administrative and secretarial tasks, and then reduce that amount by 20 percent to account for the (lack of) complexity of this case. This yields an award of attorneys' fees equal to *$6,478.42* (($11,568.60 x 0.7) x 0.8). Costs, which are unopposed, are set in the amount of *$465.00*.

 Harry D. Leinenweber, Judge
 United States District Court

Dated: March 10, 2017